Nicole Owens
FEDERAL PUBLIC DEFENDER
Abigail Thiry
Assistant Federal Defender
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone: (208) 331-5500
Facsimile: (208) 331-5525

Attorneys for Defendant
Timber Roberts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE DEBORA K. GRASHAM)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TIMBER ROBERTS, )<br>)<br>Defendant. )<br>) | 1:23-mj-00108-DKG<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION AND REQUEST FOR RELEASE ON CONDITIONS |

Timber Roberts, by and through his attorneys, Marco DeAngelo and Abigail Thiry, for the Federal Defender Services of Idaho, submits this response to the government's motion for detention. Mr. Roberts respectfully requests this Court release him on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and the Fifth Amendment's Due Process Clause. Supreme Court

1

precedent makes it unconstitutional for a court to hold a detention hearing or detain a defendant at all when, as here, there is no basis for detention under 18 U.S.C. § 3142(f). As the Ninth Circuit (and five other courts of appeals) have recognized, the only permissible bases for detaining a defendant are the enumerated factors set out in 18 U.S.C. § 3142(f). Under § 3142(f), *ordinary* risk of flight is *not* a permissible basis for detention; rather, the statute only authorizes detention if there is a "*serious risk* that [the defendant] will flee." § 3142(f)(2)(A) (emphasis added). Further, data from the Administrative Office of the U.S. Courts show that there is an exaggerated concern over risk of flight in our system, and that the vast majority of released defendants do not flee.

In this case, Mr. Roberts is charged with Disorderly Conduct, 36 C.F.R. § 261.4(c); Camping on Forest Service Lands for a Period Longer than Allowed, 36 C.F.R. § 261.58(a); and Occupying a Developed Recreation Site for Other than Recreation Purposes, 36 C.F.R. § 261.16(a). On May 22, 2023, the government filed a motion for detention on grounds that Mr. Roberts poses a serious risk of flight and a serious risk of obstructing justice and/or threatening, injuring or intimidating witnesses. (ECF No. 01.) The government's motion, however, fails to allege sufficient facts to demonstrate Mr. Roberts presents a serious risk of flight. Accordingly, the Court is not authorized to enter a temporary order of detention or hold a detention hearing

in this case, and Mr. Roberts must be released on bond immediately with appropriate conditions of release. *See* 18 U.S.C. §§ 3142(a)–(c).

I. **The BRA Only Authorizes Detention at the Initial Appearance When One of the § 3142(f) Factors is Met.**

Mr. Roberts is being detained in violation of the law. According to the plain language of § 3142(f), "the judicial officer shall hold a [detention] hearing" only "in a case that involves" one of the seven factors listed in § 3142(f)(1) & (f)(2). None of the § 3142(f) factors are present in this case.[1] Ordinary risk of flight is not among the § 3142(f) factors. The statute and the caselaw prohibit this Court from holding a Detention Hearing and do not authorize the Court to detain Mr. Roberts pending trial.

A. **Mr. Roberts is not a Serious Risk of Flight Under 18 U.S.C § 3142(f)(2)(A)**

The government bears the burden of presenting some evidence to substantiate its allegation that a defendant is a serious risk of flight. There is some risk of flight in every criminal case; "serious risk" of flight means

---

[1] This case does not meet any of the five factors discussed in § 3142(f)(1), as it does not involve: (1) a crime of violence under (f)(1)(A); (2) an offense for which the maximum sentence is life imprisonment or death under (f)(1)(B); (3) a qualifying drug offense under (f)(1)(C); (4) a felony after conviction for two or more offenses under the very rare circumstances described in (f)(1)(D); or (5) a felony involving a minor victim or the possession/use of a firearm under (f)(1)(E). The government has also presented no evidence to establish that this case meets either of the two additional factors discussed in § 3142(f)(2): (1) a "serious risk that [the defendant] will flee" under (f)(2)(A); or (2) a "serious risk" that the defendant will engage in obstruction or juror/witness tampering under (f)(2)(B).

3

something more. According to a basic canon of statutory interpretation, the term "serious risk" means that the risk must be more significant or extreme than an ordinary risk. See, e.g., *Corley v. United States*, 556 U.S. 303, 314 (2009) ("[O]ne of the most basic interpretative canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (citation omitted). To establish "serious risk" of flight the government must demonstrate that the defendant presents an "extreme and unusual" risk of willfully fleeing the jurisdiction if released. The government has not met that burden here. Accordingly, it is improper to hold a Detention Hearing at all, let alone detain Mr. Roberts for the duration of the case.

> **1. It was Improper to Detain Mr. Roberts Because the Government Has Provided No Evidence to Support its Claim that Mr. Roberts is a Serious Risk of Flight.**

Where the government's only legitimate § 3142(f) ground for detention is "serious risk" of flight, the government bears the burden of presenting some evidence to support its allegation that a defendant poses a "serious risk" of flight beyond the ordinary risk attendant in any criminal case. A defendant "may be detained *only if the record supports a finding* that he presents a serious risk of flight." *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986) (emphasis added); *see also United States v. Robinson*, 710 F. Supp. 2d 1065, 1088 (D. Neb. 2010) (criticizing the government for failing to present evidence

of "serious risk" of flight at the Initial Appearance and saying "no information was offered to support [the] allegation"). After all, the statute only authorizes detention "*in a case that involves*" a "serious risk" that the person will flee. § 3142(f)(2)(A) (emphasis added). This contemplates a judicial finding about whether the case in fact involves a *serious* risk of flight. The government must provide an evidentiary basis to enable the judge to make an informed decision, typically evidence that relates either to the defendant's history and characteristics or to the circumstances of the offense. The government has presented no such evidence here.

### 2. Detaining a Defendant as a "Serious Risk of Flight" is Appropriate Only in "Extreme and Unusual Circumstances."

The BRA's legislative history makes clear that detention based on serious risk of flight is only appropriate under "extreme and unusual circumstances."[2] For example, the case relied on in the legislative history as

---

[2] *See Bail Reform Act of 1983: Rep. of the Comm. on the Judiciary*, 98th Cong. 48 (1983) ("Under subsection f(2), a pretrial Detention Hearing may be held upon motion of the attorney for the government or upon the judicial officer's own motion in three types of cases. . . . [T]hose [types] involving . . . a serious risk that the defendant will flee . . . *reflect the scope of current case law that recognizes the appropriateness of denial of release in such cases*.") (emphasis added) (citing *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978)—which held that only a "*rare case of extreme and unusual circumstances . . . justifies pretrial detention*"—as representing the "current case law"); *see also Gavino v. McMahon*, 499 F.2d 1191, 1995 (2d Cir. 1974) (holding that in a noncapital case the defendant is guaranteed the right to pretrial release except in "extreme and unusual circumstances"); *United States v. Kirk*, 534 F.2d 1262, 1281 (8th Cir. 1976) (holding that bail can only be denied "in the exceptional case").

5

extreme and unusual enough to justify detention on the grounds of serious risk of flight involved a defendant who was a fugitive and serial impersonator, had failed to appear in the past, and had recently transferred over a million dollars to Bermuda. *See United States v. Abrahams*, 575 F.2d 3, 4 (1st Cir 1978). The government must demonstrate that the risk of flight in a particular case rises to the level of extreme or unusual, and no such showing has been made here.

In addition, a defendant should not be detained as a "serious risk" of flight when the risk of non-appearance can be mitigated by conditions of release. The only defendants who qualify for detention under § 3142(f)(2) are those who are "[t]rue flight risks"—defendants whom the government can prove are likely to willfully flee the jurisdiction with the intention of thwarting the judicial process.[3]

### 3. In This Case, the Government Has Not Met Its Burden of Proving That Mr. Roberts Poses a "Serious" Risk of Flight.

Mr. Roberts must be released immediately on conditions because the government has failed to establish that "there is a serious risk that the [defendant] will flee" the jurisdiction under § 3142(f)(2)(A). Although the

---

[3] *See, e.g.,* Lauryn Gouldyn, *Defining Flight Risk*, 85 U. Chi. L. Rev. 677, 724-26 (2017). This rule is sound policy, as the risk of a defendant becoming either a "local absconder" (who intentionally fails to appear but remains in the jurisdiction), or a "low-cost non-appearance" (who unintentionally fails to appear), can be addressed by imposing conditions of release like electronic monitoring, GPS monitoring, and support from pretrial services. *See* Gouldyn, 85 U. Chi. L. Rev. at 724.

defense bears no burden of proof, it is clear from Mr. Roberts' history and characteristics that he does not pose a serious risk of flight.

The government first alleges that Mr. Roberts is a serious flight risk because he lacks a permanent home and lives a transient lifestyle. (ECF. No. 09 at 4) Additionally, the government alleges Mr. Roberts has "shown an ability to move locations quickly and without notice when desired. . ." (ECF. No. 09 at 4). However, the charges in the criminal complaint, on their face, suggest that Mr. Roberts is not a flight risk in any way. The charges Mr. Roberts faces are about him *staying*, not *leaving*.

Next, the government claims Mr. Roberts is a flight risk because the Forest Service seized the family's property, including vehicles and trailers. Without vehicles and trailers, it is highly unlikely Mr. Roberts will be unable to travel; thus, Mr. Roberts would be unable to flee the area. The government also alleges Mr. Roberts has a substantial motive to flee before trial and possesses the means to do so. Mr. Roberts has had pending charges since approximately August 2021. Mr. Roberts has not fled. The government claims Mr. Roberts is a flight risk because Mr. Roberts appeared one hour late for his initial appearance on March 23, 2023. Mr. Roberts, although late, still appeared in court. Mr. Roberts has consistently had contact with the forest service since December 2020. It does not appear from the discovery provided that law enforcement has had any trouble locating Mr. Roberts when needed.

Finally, the government is concerned that Mr. Roberts will not appear at future hearings because of previous statements Mr. Roberts made concerning the Constitution and Declaration of Independence. Mr. Roberts made those statements on December 23, 2022, yet after those statements, he has continued to appear for court ordered hearings.

### B. There is not a Serious Risk that Mr. Roberts Will Obstruct Justice or Threaten Witnesses Under 18 U.S.C § 3142(f)(2)(B)

The government seeks detention based on § 3142(f)(2)(B) on the ground that there is a serious risk that Mr. Roberts will obstruct justice or threaten witnesses. The Government contends that "Defendants have been clear, particularly Timber Roberts, that any attempt by law enforcement to enforce the laws against them, forcibly remove them from the public lands, or touch their stuff, would result in violence." (ECF. No. 09 at 7).

A defendant may be detained pending trial if the government can show "a serious risk that such person will obstruct or attempt to obstruct justice or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). Where the government seeks detention under § 3142(f)(2)(B)], it must sustain its burden of proof by clear and convincing evidence. *United States v. Lamar*, 600 F. Supp.3d 714, 720-21 (E.D. Ky. 2022) (noting "the parties agree that the risk of obstruction under subsection (f)(2)(B) must be

shown by clear and convincing evidence to justify pretrial detention under the BRA."); *United States v. Zrallack*, 2010 WL 2682527 (D. Conn. July 2, 2010) ("To obtain detention on this ground [3142(f)(2)(B)], the government must sustain its burden of proof by clear and convincing evidence."); *United States v. Brown*, 1987 WL 28095 (E.D. Pa. Dec. 14, 1987) ("In order to detain a defendant pursuant to 18 U.S.C. 3142(f)(2)(b), the government must prove by clear and convincing evidence" that obstruction will occur); *See also United States v. Robertson*, 608 F. Supp.2d 89 (D.D.C. 2009); *United States v. Dinunzio*, 2008 WL 2148754 (D. Mass. May 20, 2008); *United States v. Dodge*, 842 F. Supp. 643, 646 (D. Conn. 1994).

The statute requires the government to establish "a serious risk that such person *will* obstruct or attempt to obstruct justice." 18 U.S.C. § 3142(f)(2)(B) (emphasis added). By its plain language, this connotes actions that a defendant will take in the future if the defendant is released on bond, above and beyond the actions the defendant has already taken or will take if he is detained. *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009) ("The statute, by its nature, is always looking forward."); *United States v. Curtis*, 2021 U.S. Dist. LEXIS 100234, 2021 WL 2117145, at *10 ("This is a forward-looking inquiry, requiring a showing of a serious risk the defendant will obstruct justice in the future.").

The government includes a list of statements in its Motion for Detention Hearing made by Mr. Roberts. The government argues these statements from Mr. Roberts included "preconditions to violence." Because the government claims these "preconditions" have been met (enforcing laws, physically removing family from public land, and seizing the family's vehicles and trailers) the government argues the Forest Service and BLM law enforcement officers are at risk. The government cites to multiple different statements made by Mr. Roberts to support its assertion that there is a serious risk that he will obstruct or attempt to obstruct justice or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.

In each interaction with law enforcement, Mr. Roberts is in his camp or inside of his camp trailer. Mr. Roberts never sought out law enforcement or members of the public. Mr. Roberts' comments are made regarding people touching his personal belongings. The government argues Mr. Roberts statements include "preconditions to violence" such as enforcing laws and seizing the family's property. The government argues because these "preconditions" have been met, law enforcement is at greater risk. However, law enforcement has had contact with the Roberts family continually since December 2020. The timeline of interactions shows that nothing occurs even with these so called "preconditions."

The government's allegations are insufficient to meet its burden of establishing § 3142(f)(2)(B) applies in this case by clear and convincing evidence.

**II. Mr. Roberts Requests Immediate Release with Conditions.**

Because there is no basis to detain Mr. Roberts, he should be released immediately under the following conditions: maintain employment, and if unemployed, actively seek employment; live at Interfaith Sanctuary until permanent housing is found; report on a regular basis to pretrial services, undergo a mental health evaluation and abide by any treatment recommendations; and submit to electronic monitoring.[4] These conditions will reasonably assure Mr. Roberts' appearance and the safety of the community. § 3142(c).

For these reasons, Mr. Roberts respectfully requests he be released with conditions this Court deems appropriate under §§ 3142(a)–(c). Because the

---

[4] *See, e.g.*, Samuel R. Wiseman, *Pretrial Detention and the Right to the Monitored*, 123 Yale L. J. 1344, 1347–48 (2014) ("Increasingly sophisticated remote monitoring devices have the potential to sharply reduce the need for flight-based pretrial detention . . . . [T]he question of finding other ways of ensuring a non-dangerous defendant's presence at trial is one not of ability, but of will. . . ."); *id.* at 1368–74 (citing studies in both European and American contexts to demonstrate that electronic monitoring is at least as effective as secured bonds at deterring flight, and that it comes at far reduced cost to both the defendant and the government); *United States v. O'Brien*, 895 F.2d 810, 814–16 (1st Cir. 1990) (describing reduction in flight rate from monitoring program and concluding that "evidence concerning the effectiveness of the bracelet alone [] arguably rebuts the presumption of flight").

government has provided no permissible basis for pretrial detention under § 3142(f), continuing to detain Mr. Roberts violates the law.

## III. Conclusion

For the foregoing reasons, Mr. Roberts respectfully requests that this Court release him to pretrial supervision.

Dated: May 23, 2023

Respectfully submitted,

NICOLE OWENS
FEDERAL PUBLIC DEFENDER
By:

/s/ Abigail Thiry
ABIGAIL THIRY
Assistant Federal Defender
Federal Defender Services of Idaho
Attorneys for Defendant
Timber Roberts

# CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 23rd day of May 2023.

Robert Burke Firpo, Assistant United States Attorney
Office of the United States Attorney              ____United States Mail
1290 West Myrtle Street, Suite 500                ____Hand Delivery
Boise, ID 83702                                     ____Facsimile Transmission
(208) 334-1211                                      __X_CM/ECF Filing
(208) 334-1413 – Facsimile                      ____Email Transmission
Robert.Firpo@usdoj.gov

Christopher Booker, Assistant United States Attorney
Office of the United States Attorney              ____United States Mail
1290 West Myrtle Street, Suite 500                ____Hand Delivery
Boise, ID 83702                                     ____Facsimile Transmission
(208) 334-1211                                     __X_CM/ECF Filing
(208) 334-1413 – Facsimile                     ____Email Transmission
Christopher.Booker2@usdoj.gov

Dated: May 23, 2023                  /s/ Sybil Davis
                                               Sybil Davis