Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
208-724-2617
chd@fergusondurham.com

Richard Alan Eppink
W/REST COLLECTIVE
812 W. Franklin
Boise, ID 83702
208-371-9752
ritchie@wrest.coop

Attorneys for Defendant Roberts

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOKS ROBERTS,<br><br>Defendant. | Case No. 1:23-cr-00053-DKG-2<br>Case No. 1:23-mj-00108-DKG-2<br><br>**REPLY TO DEFENDANT TIMBER ROBERTS' OBJECTION TO MOTION TO CONTINUE** |

Brooks Roberts appreciates that Timber is in custody on a misdemeanor charge, time is of the essence for him, and he therefore objects to a continuance of the current

1

trial setting. But Timber's circumstances are unique to him and should not outweigh Brooks's (and Judy's) right to the effective assistance of counsel. As Brooks's counsel set out in his declaration, Brooks has been seriously injured, is slowly convalescing, has a right to be present and meaningfully participate in his defense, and has been given a large amount of discovery late.

One option available to the Court to protect all the defendants' rights would be to sever Timber's trial from Brooks and Judy's trial under Rule 14 of the Federal Rules of Criminal Procedure. Per that Rule, the Court has the discretion to order separate trials "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government ..." *Id*.

Although there is overlap in the evidence, the case against Timber is different than the one against Brooks and Judy, as the Government has also charged Timber with disorderly conduct and making threats to Government agents. That evidence does not apply to Brooks or Judy. And, given its inflammatory nature, there is a danger that it could spill over and prejudice their right to a fair trial. To the extent that Timber may have made statements that tend to incriminate all three Robertses in the charges, Brooks and Judy's Sixth Amendment right to confront their accuser could be jeopardized if they are tried together. *See Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that the admission of a codefendant's confession in a joint trial violated the petitioner's right of cross-examination under the Sixth Amendment.). The Court could avoid these

concerns and honor Timber's request for a speedy trial by keeping Timber's trial on track for August but severing Brooks and Judy's trial and granting the requested continuance.

For all these reasons, Brooks respectfully requests that the Court grant his motion to continue the trial and all associated pretrial deadlines.

Submitted on this 20th day of July 2023.

/s/ Craig H. Durham

Attorney for Brooks Roberts

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christopher Booker
christopher.booker2@usdoj.gov
Robert Firpo
robert.firpo@usdoj.gov
Attorneys for the United States

Randall Barnum
randall@bhglaw.net
Attorney for Judy Roberts

Marco DeAngelo
marco_deangelo@fd.org
Abigail Thiry
Abigail_thiry@fd.org
Attorneys for Timber Roberts

/s/Craig H. Durham