JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
ROBERT B. FIRPO, CALIFORNIA STATE BAR NO. 243991
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 1:23-cr-00053-DKG-3 |
| Plaintiff, | 1:23-mj-00108-DKG-3 |
| vs. | **RULE 11 PLEA AGREEMENT** |
| JUDY ROBERTS, | |
| Defendant. | |

Rev. March 2022

## I.   GUILTY PLEA

A.   **Summary of Terms.** Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to count four of the Information in Case No. 1:23-cr-00053-DKG-3, which charges the Defendant with Camping on Forest Service lands for longer than allowed in violation of 36 C.F.R. § 261.58(a).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement.  Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), as to this Defendant, counts five and six of the Information in Case No. 1:23-cr-00053-DKG-3, and counts two and three of the Criminal Complaint in Case No. 1:23-mj-00108-DKG-3, and under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a sentence of time served[2] and three years of probation, including a ban on living or camping on BLM and National Forest lands.

B.   **Oath.** The Defendant will be placed under oath at the plea hearing.  The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the Defendant and to persist in that

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

[2] The Defendant was arrested on May 19, 2023, and held in custody until her release from pretrial detention on May 24, 2023. Therefore, the Defendant should receive six days of imprisonment as credit toward her sentence. Pursuant to this agreement, the Government will not seek additional imprisonment at sentencing.

plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

## III.   NATURE OF THE CHARGES

### A.   Elements of the Crime.

**COUNT FOUR (of the Information).** The elements of the crime of Camping on Forest Service lands for a Period Longer than Allowed as charged in count four of the Information, are as follows:

1.   The Forest Service issued an order limiting camping on Forest Service lands, and

2.   Defendant camped on forest lands for a period longer than allowed by the Order.

### B.   Factual Basis.   The Defendant admits the following facts are true:

On May 16, 2022, the Forest Supervisor for the Payette National Forest issued an Order limiting camping on Forest Service lands within the Payette National Forest. The Order prohibited camping within the same five-mile radius for more than 14 days in any 30 consecutive days. The Forest Service issued the order "to address competition for campsites and to protect public safety and natural resources." In addition, the camping limits addressed public concern, as Forest Service offices "receive calls each year with complaints about long-term occupancy of campsites, including gear and equipment left at sites."

After departing her camp on BLM public lands in October 2022, Defendant moved to Forest Service public lands where she and her two sons set up a new camp in the West Face Trailhead parking lot on Forest Service lands outside McCall, Idaho.  The West Face Trailhead parking lot is a developed recreation site managed by the Forest Service that caters to hikers and snowmobilers.  No one is permitted to live in the West Face Trailhead parking lot.

At the time she moved to the West Face Trailhead parking lot on Forest Service lands, Defendant knew that the Forest Service limited the time period a person can camp on Forest Service lands.  Defendant knew that because she had been educated by law enforcement about Forest Service camping limits on multiple occasions, had been issued citations for violating Forest Service camping laws in the past, and had been sentenced to pay a fine for camping too long on Forest Service lands in the past.

Defendant remained camped at the West Face Trailhead parking lot from October 2022 to May 19, 2023, even though Defendant knew that (a) the Forest Service limits the time period that a person can camp on Forest Service lands, and (b) she had camped on forest service lands in excess of those time limits.  Defendant remained camped at the West Face Trailhead parking lot in open defiance of the Forest Service camping limits even after being reeducated on the law by Forest Service law enforcement.  Defendant's camp prevents other members of the public from using the portion of the recreation site where Defendant was unlawfully camped.

IV.    SENTENCING FACTORS

    A.    **Penalties.**

COUNT FOUR.  The crime of Camping on Forest Service lands Longer than Allowed as charged in count four of the Information, is punishable by:

        1.    Up to six-months imprisonment,

        2.    Up to a $5,000 fine;

     3.      Up to five-years probation;

     4.      Not more than one year of supervised release; and

     5.      A $10 special assessment.

     B.      **Imprisonment.**  The Government agrees to not seek an additional term of imprisonment and will ask that the Court impose a time-served sentence.

     C.      **Probation.**  The Defendant agrees to not object to a three-year sentence of probation. She further agrees that one of the terms of her probation will be that Defendant will not enter or remain on National Forest System ("NFS") or Bureau of Land Management ("BLM") lands for the purpose of camping or living on those lands. This prohibition includes all National Forests and BLM Public Lands in the United States. Any violation of this term of probation may result in additional sanctions being imposed by the Court.

     D.      **Fines and Costs.**  The Court may impose a fine.  No agreement exists as to its amount.  The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

     E.      **Special Assessment.**  The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

     F.      **Restitution.**

     In addition to paying any forfeiture, fine, and costs imposed, the Defendant also agrees to pay, and be ordered to pay, restitution as set forth herein.

     1.      The Defendant further agrees to pay restitution for costs incurred by the United States Forest Service to tow Defendant's vehicle (Chevrolet Silverado 1500, VIN # 2GCEK19TX21143175) from the West Face Trailhead parking lot, located in Adams County,

**Plea Agreement**                    4                          Rev. March 2022

Idaho, to a secure facility. Payment shall be made in the sum of $1,230.93 to the following victim: United States Forest Service.

    2.    All monetary penalties imposed by the Court, including restitution, will be due immediately and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or otherwise). The Defendant agrees that the payment schedule or plan is neither the only method, nor a limitation on the methods, available for enforcing the judgment. It is simply a schedule or plan for minimum payments. The Defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor the Court can consider if the Defendant has accepted responsibility under USSG § 3E1.1.

## V.    SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Government will return any seized property to Defendant without cost to Defendant, except for the restitution costs for towing her vehicle as identified in Section IV(F)(1) of this Plea Agreement. However, if Defendant does not claim and collect said property within 30 days after the sentencing hearing, it will be deemed abandoned. Abandoned property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, cost of imprisonment, or any other penalty that this Court may impose.

## VI.    UNITED STATES SENTENCING GUIDELINES

    A.    **Application of Sentencing Guidelines.**  The Sentencing Guidelines do not apply in this case where the Defendant is only pleading guilty to a Class B Misdemeanor. *See* USSG 1B1.9.

## VII.    WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

    A.    **Waiver.**  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the plea, conviction, judgment,

and sentence, including forfeiture and restitution.  This waiver includes any challenge to the

constitutionality of any statute of conviction including arguments that the admitted conduct does

not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct

appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction, or

sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this

agreement and allow the Government to withdraw from it, as well as to take other remedial

action.

If the Defendant believes the Government has not fulfilled its obligations under this

agreement, the Defendant will object at the time of sentencing; further objections are waived.

B.   **Exceptions.**

1.   **Direct Appeal.**  Notwithstanding subparagraph A, the Defendant may file

one direct appeal if one of the following unusual circumstances occurs:

a.   the sentence imposed by the Court exceeds the statutory maximum;

The Defendant understands that the above circumstance occurs rarely and that in most cases this

agreement completely waives all appellate rights.

2.   **Motion Under 28 U.S.C. § 2255.**  Notwithstanding subparagraph A, the

Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

VIII.  **PROVIDING INFORMATION FOR THE PRESENTENCE REPORT**

The Defendant agrees to provide financial information and any other information

requested by a representative of the United States probation office for use in preparing a pre-

sentence investigation report, and agrees that the United States probation office may share all

financial information with the Government.  Failure to execute releases or to provide information

for the pre-sentence investigation report violates this agreement and relieves the Government of

its obligations from it. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under USSG § 3C1.1.

IX.    **DISCLOSING FINANCIAL INFORMATION**

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## X.   NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing.  The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XI.   CONSEQUENCES OF VIOLATING AGREEMENT

A.   **Government's Options.**  If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation:  1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice.  If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety.  In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B.   **Defendant's Waiver of Rights.**  If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement.  In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   MISCELLANEOUS

A.   **No Other Terms.**  This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B.   **Plea Agreement Acceptance Deadline.**  This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on ~~September 29~~ October 6, 2023.

## XIII.  UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_____       _____
CHRISTOPHER A. BOOKER                    Date          10/6/23
Assistant United States Attorney


## XIV.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____       _____
Judy Roberts                             Date          Oct 5 2023
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all

**Plea Agreement**                       10                    Rev. March 2022

written offers from the Government to the Defendant pursuant to *Missouri v. Frye*, 566 U.S. 134, 144-47 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, it is virtually certain that my client will be removed from the United States. [by virtue of pleading guilty in this case] I concur in my client's decision to plead guilty as set forth above.

_____          _____
Randall S. Barnum                                              10-5-23
Attorney for the Defendant                        Date